UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD CRAWLEY, et al.,

    Plaintiff,

v.                                                         CASE NO: 8:07-cv-1789-T-23TGW

PASKERT-JOHNSON COMPANY, et al.,

    Defendants.

_____/

**ORDER**

    Proceeding pro se, the plaintiffs commenced this action on October 2, 2007. A January 31, 2008, order directed the plaintiffs to show cause why the action should not be dismissed for failure to serve the defendants within the time prescribed by Rule 4(m), Federal Rules of Civil Procedure. A February 1, 2008, return of service (Doc. 5) as to James J. Paskert indicates that service was returned un-executed.[1] In a February 5, 2008, response to the order to show cause, the plaintiff Albert Williamson ("Williamson") states (Doc. 6) that "a summons was sent by courier to Johnson & Company, Paskert Distributing, and James J. Paskert and was refused to accept by all parties. Included is copy of the request from Attorney's Office of defendants the refusal signed by Gwen Branan." Williamson attaches an un-executed return of service as to an un-specified defendant (apparently, the same return that was filed on February 1, 2008).

    In short, the return of service as to James J. Paskert is defective and the plaintiffs have provided no proof that the remaining defendants, Paskert-Johnson Company and Paskert Distribution Company, have been served in accordance with the requirements of Rule 4. Accordingly, on or before **May 29, 2008**, the plaintiffs shall file with the Clerk

---

[1] Adjacent to the indication that service was "returned" are the words "Refused to Accept. Gwen Braman," which suggest that the process server may have misunderstood the return of service form.

proof of service in accordance with the requirements of Rule 4.  Failure to comply will result in dismissal of this action without further notice.

Also, the plaintiffs are informed that (a) because a party in federal court must proceed either through qualified counsel or on his own behalf, a pro se party (i.e., a party not represented by an attorney) cannot represent[2] another pro se party or be heard on behalf of another pro se party,[3] (b) a pleading or other paper filed in this court must be signed by each and every pro se party on whose behalf it is filed,[4] and (c) any paper filed in this action that purports to be submitted by a pro se party on behalf of another pro se party will be stricken as to the non-signing party pursuant to Rule 11. The plaintiffs are strongly encouraged to seek the assistance of counsel in prosecuting this lawsuit.

ORDERED in Tampa, Florida, on April 30, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The pro se plaintiffs claim to represent a putative class of similarly situated plaintiffs. However, pro se parties are inadequate to represent a class and unlicensed to represent anyone. See, e.g., Palasty v. Hawk, 15 Fed. Appx. 197, 200 (6th Cir. 2001); Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir. 2005); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Cevallos v. City of Los Angeles, 914 F. Supp. 379, 385 (C.D. Cal. 1996); Bell v. United States, No. 07-cv-506, 2008 WL 360615, 1 (N.D. Fla. Feb. 8, 2008); 1 Newberg on Class Actions § 3:24 ("[M]ost courts have held that pro se plaintiffs are inadequate representatives of a class.").

[3] See 28 U.S.C. § 1654; Michel v. United States, 519 F.3d 1267, 1271 (11th Cir. 2008); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.1997); Gonzales v. Wyatt, 157 F.3d 1016, 1021-22 (5th Cir. 1998).

[4] See Fed R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").