UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD CRAWLEY, et al.,

   Plaintiffs,

v.                                      CASE NO: 8:07-cv-1789-T-23TGW

PASKERT-JOHNSON COMPANY, et al.,

   Defendants.
_____/

**ORDER**

    The plaintiffs sue Paskert-Johnson Company, Paskert Distribution Company, and James Paskert ("Paskert"), who was the chairman of Paskert Distribution Company's Board of Directors during 2005 and 2006. The complaint asserts claims of racial discrimination in employment under 28 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e et seq. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Paskert moves (Doc. 12) to dismiss, and the plaintiffs respond (Doc. 18) in opposition. The plaintiffs agree that Paskert may not be held personally liable under Title VII, and the plaintiffs request dismissal of the Title VII claims as to Paskert. However, the plaintiffs assert that the complaint sufficiently alleges a Section 1983 claim against Paskert, and alternatively request leave to amend.

    A motion under Rule 12(b)(6), Federal Rules of Civil Procedure, challenges the legal sufficiency of the complaint. On a Rule 12(b)(6) motion, the complaint's factual allegations are accepted as true and construed most favorably to the plaintiff. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406

(2002). Generally, the Federal Rules of Civil Procedure include no requirement that the plaintiff detail the facts upon which the plaintiff bases a claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 127 S. Ct. at 1965 n.3. The plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Twombly, 127 S. Ct. at 1965 (citations omitted). In short, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. Further, "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (internal quotation marks and citations omitted).

A claim for individual liability under Section 1981 requires "some affirmative link to causally connect the actor with the discriminatory action." Allen v. Dnever Pub. Sch. Bd., 928 F.2d 978, 983 (10th Cir. 1991), overruled on other grounds, Kendrick v.

- 2 -

Penske Transp. Servs., Inc., 220 F.2d 1220, 1228 (10th Cir. 2000).[1]  "A claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement" in the alleged discrimination.  Allen, 928 F.2d at 983; see also Hicks v. IBM, 44 F. Supp. 2d 593, 597 (S.D.N.Y. 1999) ("In each of the cases that have allowed individual liability [under § 1981], the individuals have been supervisors who were personally involved in the discriminatory activity.").  Negligence in maintaining an anti-discrimination policy fails to establish the requisite "personal involvement" or "affirmative link."  Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2d Cir. 2000).

Paskert argues that the complaint includes no allegation as to his personal involvement "in any of the decisions complained about by plaintiffs as discriminatory" and indeed "no allegation of any specific conduct by Paskert at all."  In response, the plaintiffs contend that the complaint sufficiently alleges Paskert's personal involvement in the alleged discrimination because the complaint (a) defines the defendants to include all the named defendants including Paskert and (b) attributes all alleged discriminatory acts to "the defendants."  Otherwise, the complaint alleges that Paskert is a principal or officer of the Paskert-Johnson Company and Paskert Distribution Company.  In short, the complaint fails to sufficiently allege Paskert's personal involvement in the alleged discriminatory acts and therefore fails to state a claim against Paskert under Section 1981.

An April 30, 2008, order (Doc. 7) directs the plaintiffs or before May 29, 2008, to file with the Clerk proof of service on the defendants in accordance with the

---

[1] See also Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2d Cir. 2000)).

requirements of Rule 4.  The order warns that failure to comply will result in dismissal of this action without further notice.  The docket discloses May 23, 2008, returns of service (Docs. 9, 10) as to Paskert and Paskert Distribution Company[2] but no proof of service as Paskert-Johnson Company.  Additionally, the April 30, 2008, order (Doc. 7) directs the plaintiffs, on or before May 29, 2008, to move pursuant to Local Rule 4.04(b) for a determination under Rule 23(c)(1) as to whether this case is to be maintained as a class action and to show cause why the class allegations in the plaintiffs' complaint should not be stricken because (a) pro se plaintiffs cannot adequately represent a class[3] and (b) the plaintiffs' disregard of the applicable rules (including Local Rule 4.04(b), which requires filing the motion for class certification "[w]ithin ninety days following the filing of the initial complaint") demonstrates the inadequacy of the plaintiffs to adequately represent the putative class.  Although counsel has appeared on behalf of the plaintiffs, the appearance (Doc. 16) "is limited to representation with respect to [Paskert's] pending motion to dismiss."  In any event, the plaintiffs failed to move as directed.

Accordingly, the plaintiffs' claims against Paskert-Johnson Company are **DISMISSED** pursuant to Rule 4(m) for failure to timely serve the defendant.  Paskert's motion to dismiss (Doc. 12) is **GRANTED** to the extent that the plaintiffs' Tittle VII claims against James Paskert are **DISMISSED WITH PREJUDICE** and the plaintiffs' Section

---

[2] A June 11, 2008, "Suggestion of Bankruptcy" (Doc. 11) states that on June 1, 2007, Paskert Distribution Company filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, No. 8:07-bk-2005-CPM (M.D. Fla.).  Accordingly, these proceedings are automatically stayed as to Paskert Distribution Company.  See 11 U.S.C. § 362(a).

[3] See, e.g., Palasty v. Hawk, 15 Fed. Appx. 197, 200 (6th Cir. 2001); Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir. 2005); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Cevallos v. City of Los Angeles, 914 F. Supp. 379, 385 (C.D. Cal. 1996); Bell v. United States, No. 07-cv-506, 2008 WL 360615, 1 (N.D. Fla. Feb. 8, 2008); 1 Newberg on Class Actions § 3:24 ("[M]ost courts have held that pro se plaintiffs are inadequate representatives of a class.").

1981 claims against James Paskert are **DISMISSED WITHOUT PREJUDICE**.  The putative class claims are **DISMISSED**, and this action shall not be maintained as a class action.  On or before **November 26, 2008**, the plaintiffs may file an amended complaint that complies with Rule 8, Federal Rules of Civil Procedure, and corrects the deficiencies discussed in this order.

ORDERED in Tampa, Florida, on November 3, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE